CALLIES, by guardian *ad litem,* Appellant, vs. RELIANCE LAUNDRY COMPANY, Respondent.

*October 19—November 13, 1923.*

*Automobiles: Negligence: Excessive speed: Failure to display lights: Contributory negligence: Questions for jury.*

1. Where the evidence is such that reasonable minds may differ as to the inferences to be drawn from the facts, a jury question is presented. p. 56.
2. In an action for injuries caused by being run over by an automobile truck, where the evidence as to the excessive speed of the truck, under sub. 1, sec. 1636—49, Stats. 1921, and as to whether its headlights were lighted, as provided by sub. 1, sec. 1636—52a, was conflicting, the questions of negligence and contributory negligence should have been submitted to the jury. p. 57.

APPEAL from a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge. *Reversed.*

The appeal is from a judgment dismissing the complaint of the plaintiff on the merits, together with costs in favor of the defendant.

The case was tried before a jury and a special verdict submitted. The jury disagreed and were discharged, whereupon the court granted the motion of the defendant to dismiss the case upon the merits, and the plaintiff appealed.

For the appellant there was a brief by *Padway, Thompson & Skolnik,* attorneys, and *Charles S. Thompson,* of counsel, all of Milwaukee, and oral argument by *Joseph A. Padway.*

For the respondent there was a brief by *Dale C. Shockley,* attorney, and *Daniel L. Brooks,* of counsel, both of Milwaukee, and oral argument by *Mr. Shockley.*

CROWNHART, J. The question before the court is whether the evidence was sufficient to take the case to the jury. Pearl street in Milwaukee runs northeast and southwest.

Arrow street intersects Pearl street from the west at nearly right angles. Lapham street is a continuation of Arrow street, but running due east across Twelfth avenue. Twelfth avenue runs north and south on the east side of Pearl street, crosses Lapham street, and intersects with Pearl street a short block north of Lapham street. A small triangular block is thus formed, with Pearl street on the westerly side, Lapham street on the south, and Twelfth avenue on the easterly side.

On December 5, 1921, at about 6 p. m., the defendant's laundry truck, driven by a young man by the name of Thomas Barry, was going northwesterly on Pearl street. According to the testimony of Raymond Zastrow, an eleven-year-old boy who was playing with his dog at the southwest corner of the triangular block, the driver of the truck passed him and he noticed that the truck had no lights. The Zastrow boy called to the defendant to put on his lights. He says that the truck was going very fast, about twenty miles an hour, when it passed him. Mrs. Charles Zastrow was walking southwesterly along Pearl street, on the westerly side thereof and slightly north of the intersection of Pearl street and Twelfth avenue, when she noticed the injured boy, *Raymond Callies,* on the hind end of a truck which was going southwesterly on Pearl street. She called to the boy to get off of the truck, which he did at the intersection of Pearl street and Twelfth avenue. The boy got off on the westerly side of Pearl street, and Mrs. Zastrow, who was but a few feet behind him, says he looked both ways and started east across the street, when he was struck by the defendant's automobile truck, knocked down, and run over. She says she noticed the truck had no lights and that it was going at the rate of twenty miles an hour. She saw the truck only when it was within ten feet of the boy. The boy Raymond Zastrow says he stopped on the corner for about three minutes and then ran around the block on the south and easterly side, and when he came to

the north corner he first learned of the accident. The truck was then at the intersection of Twelfth avenue and Pearl street. Gus Manski came to the scene of the accident in time to see the injured boy carried away. He was positive that the truck was then at the intersection of Twelfth avenue and Pearl street. These three witnesses were disinterested so far as the record shows. Mrs. Zastrow evidently became somewhat confused on examination and misspoke herself as to the streets, but on the whole her evidence appears to be fairly given.

On the part of the defendant there were two witnesses to the accident besides the driver. Irwin Laack and Alex. Chrowski were walking down Pearl street on the west side, and were in about the middle of the block north of the intersection of Pearl street and Twelfth avenue. They told substantially the same story. They noticed that the boy was hanging on to the hind end of the truck, going south, and that when he was fifty to seventy-five feet north of the intersection of Pearl street and Twelfth avenue he let go and immediately stepped in front of the laundry truck going north, and was knocked down and injured. They both claim that defendant's truck had lights. The driver of the truck claimed he was going twelve to fifteen miles an hour before he reached the intersection of Pearl street and Twelfth avenue, but that he slowed down for the crossing to eight or nine miles an hour. He says that he had gone seventy-five feet north of the intersection when the boy ran in front of his car. When he first saw him the boy was about four feet in front of his car. He immediately put on the brakes and stopped the car within seven or eight feet. He got out and found that the boy was under the left hind wheel. Witnesses for both the plaintiff and defendant testified that it was rather dark at the place in question and that the night was somewhat stormy, with snow and sleet. The streets were wet and slippery and defendant's automobile had no chains. The law requires

that "from thirty minutes after sunset until thirty minutes before sunrise, no automobile, motorcycle or other similar motor vehicle shall be driven upon or occupy any public highway in this state unless such vehicle is provided with sufficient lights of such design and so adjusted and operated as to render the use of the highway by such vehicles safe for all the public." Sub. 1, sec. 1636—52a, Stats. And it further provides that no person shall drive any motor truck recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highways and the general rules of the road, or as to endanger the property, life, or limb of any person; nor shall he drive a motor vehicle along the streets of an incorporated city at a speed exceeding fifteen miles per hour. Sub. 1, sec. 1636—49, Stats. 1921.

The court filed a lengthy opinion, which was not printed in the case. He deals *in extenso* with the law in personal-injury actions, and finally concludes that the injured boy was actively negligent in getting off the truck and passing in front of defendant's car; that the driver of the truck did not fail to exercise ordinary care, and for these reasons granted the motion to dismiss the complaint. Where the evidence is such that reasonable minds may differ as to the inferences to be drawn from the facts, a jury question is presented. As we view the evidence in this case, we are at a loss to understand upon what theory the court could say that there was no competent evidence of negligence on the part of the driver of the truck. There was testimony of two witnesses that the truck was not lighted. There was the evidence of two witnesses that the truck was going at an unlawful rate of speed. There is nothing in the physical facts and nothing in the defendant's testimony that makes the evidence of plaintiff's witnesses palpably untrue. The jury may well have believed the plaintiff's witnesses and disregarded the testimony of defendant's witnesses. It appears quite plainly that the witnesses of the defendant were mis-

taken as to the location of the accident, for the testimony seems to be quite positive and certain that the accident took place at the south intersection of Pearl street and Twelfth avenue, and that the truck stopped in the center of the intersection. If this was so, the jury might have found the two main witnesses for the defendant were entirely mistaken in their version of the accident. If they were mistaken as to that most pertinent fact, about which there ought not to be much dispute, then it is easy to believe that they might have been mistaken as to the lights. On the question of lights, it is quite certain that defendant's truck did not have the tail light required by law, and if the driver had been negligent in that respect the jury might conclude under the evidence that he was also negligent in respect to the headlights. On the whole, the evidence seems to present a clear case where the question of negligence and contributory negligence should have been submitted to the jury under proper instructions.

*By the Court.*—The judgment of the lower court is reversed, with directions to grant a new trial.